UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRST FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO MENDOZA GARCIA,<br><br>Defendant. | Case No.   1:23-cv-00117-EPG<br><br>ORDER VACATING MAY 26, 2023 HEARING<br><br>(ECF No. 10)<br><br>ORDER PERMITTING SUPPLEMENT IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PERMITTING SERVICE BY PUBLICATION<br><br>(ECF No. 9) |

## I.     INTRODUCTION

In this civil action filed on January 26, 2023, Plaintiff American First Finance, LLC, alleges that Defendant Fernando Mendoza Garcia committed fraud, breached a contract, and engaged in unfair business practices related to an agreement between the parties for Defendant to sell products to customers on credit and thereafter assign the credit sales to Plaintiff. (ECF No. 1, p. 3). Asserting that it cannot serve Defendant by conventional means, Defendant has filed an *ex parte* application for an order permitting service by publication. (ECF No. 9). Upon review of the application, the Court will (1) vacate the hearing set for May 26, 2023, and (2) permit Plaintiff to file a supplement in support of the application.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction

1

in the state where the district court is located or where service is made." Here, Plaintiff requests permission to serve Defendant under a California Code of Civil Procedure § 415.50(a)(1), which provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and . . . [a] cause of action exists against the party upon whom service is to be made . . . .

Cal. Civ. Proc. Code § 415.50(a)(1). Generally, service by publication is carried out by publishing the summons in a newspaper. § 415.50(b).

However, personal service is the preferred method of service in California, and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)). Accordingly, service by publication comes with some stringent requirements to establish both "reasonable diligence" and "a cause of action."

Beginning with "reasonable diligence," a court must be satisfied that a plaintiff has expended reasonable effort in trying to locate a defendant.

> "The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney (See *Vorburg v. Vorburg* [ (1941) 18 Cal.2d 794] at p. 797 [117 P.2d 875]; *Stern v. Judson* (1912) 163 Cal. 726, 736 [127 P. 38]; *Rue v. Quinn* [ (1902) 137 Cal. 651,] at p. 657 [70 P. 732]). A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." (See Cal. Judicial Council Comment, West Ann.Code Civ.Proc. (1973 ed.) § 415.50, pp. 561–563.) However, the showing of diligence in a given case must rest on its own facts and "[n]o single formula nor mode of search can be said to constitute due diligence in every case." (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855.)

*Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996).

As for establishing "a cause of action," a court must be satisfied that a cause of

action exists in the case for purposes of establishing jurisdiction.

> For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (*Columbia Screw Co. v. Warner Lock Co.* (1903) 138 Cal. 445, 448, 71 P. 498; *Forbes v. Hyde, supra*, 31 Cal. at p. 353.) 'An affidavit in proper form . . . is a jurisdictional basis of the order for publication: '(T)here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. (Citations.)" (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

*Harris v.* Cavasso, 68 Cal. App. 3d 723, 726-27 (1977).

### III.     PLAINTIFF'S APPLICATION

With these standards in mind, the Court turns to Plaintiff's application. Beginning with "reasonable diligence," Plaintiff's counsel has provided the declaration of its counsel broadly outlining the service attempts on Defendant. (ECF No. 9, pp. 7-9). For example, Plaintiff states that it "attempted to personally serve Defendant at his last known business and possible known residential addresses." (*Id.* at 7). However, the declaration generally fails to explain why Plaintiff believes the addresses at issue were Defendant's business and residential addresses. *See Colonize Media, Inc. v. Palmer*, No. 1:20-CV-01053-DAD-SAB, 2021 WL 1839697, at *5 (E.D. Cal. May 7, 2021) (internal citation and quotation marks omitted) ("Although the efforts that Plaintiff set forth to serve Defendant Palmer are somewhat indicative of reasonableness, Plaintiff's efforts as described in the application do not alone rise to the requisite level of both thorough and systematic. Due to the lack of detail as to actual efforts made to obtain a current address for service, the Court is precluded from finding that Plaintiff has met the reasonable diligence standard to order service by publication.).

As for establishing a "cause of action," the application itself summarily contends to have established one. (ECF No. 9). However, Plaintiff has provided no affidavit containing "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action." *Rose v. Seamless Fin. Corp. Inc.*, No. 11CV240 AJB KSC, 2013 WL 1285515, at *3 (S.D. Cal. Mar. 26, 2013). Notably, the declaration of counsel contains no such facts.

Moreover, while the Court does not decide the issue, caselaw generally indicates that it should be the Plaintiff to provide such facts since they must be based on personal knowledge of the cause of action. *See Colonize Media, Inc.*, 2021 WL 1839697, at *3 ("Generally, it is the plaintiff who makes the affidavit as to the cause of action."); *Indian Hills Holdings, LLC v. Frye*, 337 F.R.D. 293, 304 (S.D. Cal. 2020) ("Affidavits by a plaintiff's attorney have been held insufficient to meet the jurisdictional requirement for a court to issue an order for publication.").

Based on the above, the Court will grant Plaintiff leave to file a supplemental brief and/or evidence before ruling on the application.

## IV. CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. The May 26, 2023 hearing (ECF No. 10) on the *ex parte* application for an order permitting service by publication is vacated. If the Court later determines that it is necessary to reset the hearing, it will issue an order doing so.
2. By no later than June 8, 2023, Plaintiff is permitted to file a supplemental brief and/or evidence in support of its application.
3. If Plaintiff chooses not to do so, the Court will rule on the application based on the current briefing and attachments.

IT IS SO ORDERED.

Dated: __May 17, 2023__         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE