1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                    EASTERN DISTRICT OF CALIFORNIA
8
9    AMERICAN FIRST FINANCE, LLC,          Case No.   1:23-cv-00117-EPG
10                 Plaintiff,              ORDER GRANTING EX PARTE
                                           APPLICATION FOR SERVICE BY
11           v.                            PUBLICATION
12   FERNANDO MENDOZA GARCIA,              (ECF Nos. 9, 16)
13                 Defendant.
14

## I.    INTRODUCTION

In this civil action, Plaintiff American First Finance, LLC, alleges that Defendant Fernando Mendoza Garcia committed fraud, breached a contract, and engaged in unfair business practices related to an agreement between the parties for Defendant to sell products to customers on credit and thereafter assign the credit sales to Plaintiff. (ECF No. 1, p. 3). Asserting that it cannot serve Defendant by conventional means, Defendant has filed an *ex parte* application for an order permitting service by publication. (ECF Nos. 9, 16). Upon review, the Court will grant the application.

## II.   BACKGROUND

Plaintiff filed this lawsuit on January 26, 2023. (ECF No. 1). Plaintiff alleges that Defendant "is a merchant operating in Mariposa County under the names FM Wireless, FMG Wireless, and Aviliar Everything, and purportedly offers mobile smartphones, electronics, and other related goods and services for sale to consumers." (*Id.* at 2). The parties entered into a contract on October 27, 2021, "in which [Defendant] would engage in credit sales of

1

smartphones, computer accessories, video gaming systems, and other electronics products to his customers, and such consumer credit sale transactions would subsequently be assigned to, and purchased by, Plaintiff." (*Id.* at 3).

However, Defendant engaged in a fraudulent scheme by promising $100 for customers to take out a retail installment sales contract (RISC) and offering to pay off the amount owed under the RISC. Defendant made a profit from selling and assigning the RISCs to Plaintiff, while leaving the customers liable for the amounts due under the RISCs and without giving the customer any product.

Upon discovering this scheme, Plaintiff terminated its agreement with Defendant on October 6, 2022. "To date, the RISCs of approximately 303 defrauded customers have outstanding balances totaling over $515,000," and Defendant has refused to reimburse Plaintiff for its losses. (*Id.* at 4). Plaintiff asserts three causes of action: (1) fraud; (2) breach of contract; and (3) unfair business practices under California Business and Professions Code § 17200 *et seq.*

On April 14, 2023, Plaintiff filed its application for service by publication. (ECF No. 9). Upon review, the Court permitted Plaintiff to file a supplement addressing various requirements to obtain service by publication. (ECF No. 13). On June 13, 2023, Plaintiff finalized its supplement. (ECF No. 16; *see* ECF No. 14, 15). While the Court acknowledges that Defendant has purportedly not been served, it has waited the fourteen days provided under Local Rule 230(c) for a response, but Defendant has filed nothing.

### III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, Plaintiff requests permission to serve Defendant under a California Code of Civil Procedure § 415.50(a)(1), which provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and . . . [a] cause of action exists against the party upon whom service is to be made . . . .

Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is carried out by publishing the

summons in a newspaper.

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. . . . The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b). In turn, § 6064 provides as follows:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064.

Despite the provision of service by publication, personal service is the preferred method of service in California, and "[c]onsistent with the notions of fair play and due process, substituted service by publication is 'a last resort' when 'reasonable diligence to locate a person in order to give him notice before resorting to the fictional notice afforded by publication' has been exercised." *Calvert v. Al Binali*, 29 Cal. App. 5th 954, 963 (2018) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 332 (1978)). Accordingly, service by publication comes with stringent requirements to establish both "reasonable diligence" and "a cause of action."

Beginning with "reasonable diligence," a court must be satisfied that a plaintiff has expended reasonable effort in trying to locate a defendant.

> "The term 'reasonable diligence' takes its meaning from the former law: it denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney (See *Vorburg v. Vorburg* [ (1941) 18 Cal.2d 794] at p. 797 [117 P.2d 875]; *Stern v. Judson* (1912) 163 Cal. 726, 736 [127 P. 38]; *Rue v. Quinn* [ (1902) 137 Cal. 651,] at p. 657 [70 P. 732]). A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." (See Cal. Judicial Council Comment, West Ann.Code Civ.Proc. (1973 ed.) § 415.50, pp. 561–563.) However, the showing of diligence in a given case must rest on its own facts and

3

"[n]o single formula nor mode of search can be said to constitute due diligence in every case." (*Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855.)

*Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996).

As for establishing "a cause of action," a court must be satisfied that a cause of action exists in the case for purposes of establishing jurisdiction.

For the purpose of service by publication, the existence of a cause of action is a jurisdictional fact. (*Columbia Screw Co. v. Warner Lock Co.* (1903) 138 Cal. 445, 448, 71 P. 498; *Forbes v. Hyde, supra*, 31 Cal. at p. 353.) "An affidavit in proper form . . . is a jurisdictional basis of the order for publication: '(T)here must be an affidavit containing a statement of some fact which would be legal evidence, having some appreciable tendency to make the jurisdictional fact appear, for the Judge to act upon before he has any jurisdiction to make the order. Unless the affidavit contains some such evidence tending to establish every material jurisdictional fact, the Judge has no legal authority to be satisfied, and, if he makes the order, he acts without jurisdiction, and all proceedings based upon it are void. (Citations.)'" (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, s 639, pp. 1431—1432.)

*Harris v.* Cavasso, 68 Cal. App. 3d 723, 726-27 (1977).

## IV.     PLAINTIFF'S APPLICATION

With these standards in mind, the Court turns to Plaintiff's application. The Court notes that in support of its argument that service by publication is proper, Plaintiff has provided memoranda, declarations from Plaintiff's counsel, and the declaration of Patrick Christen, Plaintiff's Head of Merchant Performance. (ECF Nos. 9, 16).

### A.  Reasonable Diligence

Beginning with reasonable diligence, Plaintiff has provided memoranda and declarations from its counsel outlining the service attempts on Defendant. (ECF No. 9, pp. 5-9; ECF No. 16, pp. 3-6, 11-12). Plaintiff tried to personally serve Defendant at his business address—5099 State Hwy 140, Unit C, Mariposa, CA 95338—which Defendant provide for purposes of entering into the contract with Plaintiff. However, when the process server tried to serve Defendant at this address, the process server encountered a "new tenant" who stated that "the subject went out of business about 6 months ago and no further information given." (ECF No. 9, p. 11).

Next, Plaintiff's counsel "attempted to determine Defendant's residential address from various public records databases," identifying two possible addresses within the same building,

but bearing different apartment numbers that might belong to Defendant in Pomona, California. (ECF No. 16, p. 11). Plaintiff attempted to personally serve Defendant at each of the two addresses on three occasions, but no one answered the door. (ECF No. 9, p. 13). "Moreover, at one of the apartment addresses, the process server identified a package at the door bearing a name that was different from Defendant's." (ECF No. 16, p. 11).

Next, Plaintiff identified a possible address for Defendant in Morgan Hill, California, from a bankruptcy case. (ECF No. 9, p. 8). Plaintiff hired a process server to personally serve Defendant on eight occasions. (*Id.* at 15-17). Eventually, the process server purportedly served the Defendant; however, Plaintiff "later discovered that this individual was not the Defendant despite having the same name." (*Id.* at 8).

Lastly, Plaintiff tried to serve Plaintiff by mail under California Code of Civil Procedure § 415.30, using a P.O. Box Number in Mariposa, California, which was featured on Plaintiff's driver's license, which he provided when entering the contract. (ECF No. 16, p. 12). However, "Defendant has not responded by signing and returning the Notice of Acknowledgement of Receipt form to my office." (*Id.*). "Based on the Mariposa, CA addresses provided by Defendant in his Merchant Application, Program Agreement, and driver's license, Plaintiff and its counsel believes Defendant is still residing somewhere in Mariposa, CA."[1] (*Id.*).

In summary, Plaintiff has explored various means to ascertain an address for Defendant and has repeatedly attempted to serve Defendant at the addresses Plaintiff could find. The Court concludes that Plaintiff has demonstrated reasonable diligence.

**B. Cause of Action**

Plaintiff's complaint alleges three causes of action: (1) fraud; (2) breach of contract; and (3) unfair business practices. Attached to Plaintiff's supplement is the declaration of Patrick Christen, Plaintiff's Head of Merchant Performance, which is offered to provide facts for purposes of showing the existence of Plaintiff's causes of action. (ECF No. 16, p. 13).

The declaration recounts how Defendant entered into a contract with Plaintiff and

---

[1] The Court notes that Plaintiff has filed no affidavit regarding the attempt of service by mail, and thus does not decide whether Plaintiff properly complied with § 415.30. *See* Cal. Civ. Proc. Code § 417.10 (requiring proof of service "by the affidavit of the person making the service showing the time, place, and manner of service"). However, given the other attempts at service, the Court concludes that Plaintiff has exercised reasonable diligence in trying to serve Defendant.

describes the terms of the contract.[2] Defendant offered customers $100 to take out RISCs, promising to pay off the RISCs. However, despite accepting funds from Plaintiff for the sale and assignment of the RISCs, Defendant never provided products to the customers and left them liable for unpaid balances on the RISCs, which RISCs Plaintiff could not collect on. Based on the declaration provided, the Court concludes that Plaintiff has provided sufficient evidence of the existence of a cause of action against Defendant, but *only* for the purposes of obtaining service by publication.

## C. Newspaper

Under § 415.50(b), "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." On this issue, Plaintiff states as follows:

> Based on Defendant's previous business address that was used in his business dealings with Plaintiff, and confirmed P.O. Box address from his driver's license, Plaintiff has reason to believe that Defendant is residing in Mariposa, California. Liu Decl. ¶¶ 5, 11, 14. Plaintiff has identified several newspapers of general circulation serving Mariposa County, including: (1) Mariposa Gazette; (2) Sierra Sun Times; and (3) Merced Sun-Star. Plaintiff intends to publish the summons in any of these newspapers, or another newspaper of the Court's choice, once a week, for four consecutive weeks, to effectuate service by publication. *See* CCP § 415.50(c); Gov't. Code § 6064.

(ECF No. 9, p. 6).

Based on Plaintiff's representations, the Court will permit Plaintiff to choose any of these three newspapers to publish the summons.

## D. CONCLUSION

Accordingly, IT IS ORDERED as follows:

1. To permit Plaintiff sufficient time to achieve service, the deadline to complete service is extended to September 25, 2023. If Plaintiff believes a further extension of the deadline to complete service is required, Plaintiff may file an appropriate motion.

2. Plaintiff's application for service by publication (ECF Nos. 9, 16) is granted.

3. Plaintiff shall begin the process of serving Defendant by publication within fourteen (14) days of the date of entry of this order in accordance with the requirements of California

---

[2] A copy of the contract is attached to the complaint and bears Christen's signature. (ECF No. 1, p. 18).

Civil Procedure Code § 415.50(b) and California Government Code § 6064.

4. If Defendant's address is ascertained prior to the expiration of the time prescribed for the publication of the summons, Plaintiff is directed to forthwith mail Defendant a copy of the summons, the complaint, and the order for publication. Cal. Civ. Proc. Code § 415.50(b).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                    /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE