UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRST FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO MENDOZA GARCIA, et al.,<br><br>Defendant. | Case No.  1:23-cv-00117-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED<br><br>(ECF No. 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

Plaintiff American First Finance, LLC moves for default judgment against Defendant Fernando Mendoza Garcia on California state law claims for fraud, breach of contract, and unfair business practices. (ECF No. 24). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the reasons given below, the Court will recommend that Plaintiff's motion for default judgment be granted.

I.       **BACKGROUND**

Plaintiff filed this case on January 26, 2023, against Defendant Fernando Mendoza Garcia, an individual doing business under the names of the following sole proprietorships: FMG Wireless, FM Wireless, and Aviliar Everything.[1] (ECF No. 1). The complaint alleges that

---

[1] Plaintiff also sued Does 1-25. However, because Plaintiff has not identified and substituted any Doe Defendant, they are not at issue here.

Defendant entered into a retail installment sales contract (RISC) program agreement with Plaintiff on October 27, 2021. Under this agreement, Defendant "would engage in credit sales of smartphones, computer accessories, video gaming systems, and other electronics products to his customers, and such consumer credit sale transactions would subsequently be assigned to, and purchased by, Plaintiff."

However, Defendant engaged in a fraudulent scheme by promising $100 for customers to take out RISC and offering to pay off the amount owed under the RISC. Defendant made a profit from selling and assigning the RISCs to Plaintiff, while leaving the customers liable for the amounts due under the RISCs and without giving the customer any product.

Upon discovering this scheme, Plaintiff terminated its agreement with Defendant on October 6, 2022. "To date, the RISCs of approximately 303 defrauded customers have outstanding balances totaling over $515,000," and Defendant has refused to reimburse Plaintiff for its losses. (*Id.* at 4). Plaintiff asserts three causes of action: (1) fraud; (2) breach of contract; and (3) unfair business practices under California Business and Professions Code § 17200 *et seq.* Pertinent here, the complaint seeks monetary damages of no less than $515,000 and prejudgment interest.

After Defendant failed to respond to the complaint, Plaintiff obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 21, 22). On October 23, 2023, Plaintiff moved for default judgment, seeking $515,000 plus prejudgment interest. (ECF No. 24). The motion is supported by the declaration of Plaintiff's attorney, Kendra L. Peterson, and the declaration of Plaintiff's Head of Merchant Performance, Patrick Christen. Defendant has not responded to the motion, appeared, or otherwise participated in this case.

Upon review of the motion for default judgment and supplement, the Court concludes that a hearing would not be beneficial in this case. *See* Local Rule 230(g) (noting that a motion may be submitted on the records and briefs).

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 55 permits a court to enter a default judgment against a defendant. *See* Fed. R. Civ. P. 55(b)(2). Whether to enter a default judgment lies within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Factors (*i.e.*, the *Eitel*

2

factors) that may be considered in determining whether to enter default judgment include the following:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Before awarding a default judgment against a defendant, the Court must determine the adequacy of service of process and the Court's jurisdiction over the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process.").

### III.   DISCUSSION

#### A.   Jurisdiction and Service of Process

##### 1.   Subject Matter Jurisdiction

The complaint alleges jurisdiction under 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." § 1332(a)(1). Plaintiff alleges that over $515,000 is at issue here; it is organized under Delaware law; it has a principal place of business in Texas; and that Defendant is a citizen of California. (*See* ECF No. 1, pp. 2, 9). Additionally, Plaintiff has provided the declaration of its Head of Merchant Performance, Patrick Christen, stating that Plaintiff "has one member which is a citizen of Texas." (*See* ECF No. 24, p. 21).

Accordingly, the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

2.   <u>Service of Process</u>

Plaintiff states that "Defendant has been served with the Compliant via publication" through the Mariposa Gazette and Miner. (ECF No. 24, p. 2). The Court notes that the complaint alleges that Defendant's principal place of business is located in Mariposa, California. (ECF No. 1, p. 2).

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Earlier in this case, Plaintiff was granted permission (ECF No. 17) to serve Defendant under California Code of Civil Procedure § 415.50(a)(1), which provides as follows:

> A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and . . . [a] cause of action exists against the party upon whom service is to be made . . . .

Cal. Civ. Proc. Code § 415.50(a)(1). Service by publication is carried out by publishing the summons in a newspaper.

> The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. . . . The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons.[2] Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

Cal. Civ. Proc. Code § 415.50(b). In turn, § 6064 provides as follows:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day.

Cal. Gov't Code § 6064.

Finally, proof of service is achieved as follows:

---

[2] There is no indication in this case that Defendant's address was ascertained before expiration of the time prescribed for publication of the summons.

4

> If served by publication pursuant to Section 415.50, [proof that a summons was served shall be made] by the affidavit of the publisher or printer, or his or her foreperson or principal clerk, showing the time and place of publication, and an affidavit showing the time and place a copy of the summons and of the complaint were mailed to the party to be served, if in fact mailed.

Cal. Civ. Proc. Code § 417.10(b).

Plaintiff has filed a certificate of publication, with a certification under penalty of perjury from the publisher and principal clerk of the Mariposa Gazette and Miner, a weekly newspaper of general circulation in the Town and County of Mariposa, stating that the summons in this case has been published in each regular issue of the newspaper on the following dates: July 20, 2023; July 27, 2023; August 3, 2023, and August 10, 2023. (ECF No. 19).

Based on such information, the Court finds that Defendant was properly served in this case.

### B. *Eitel* Factors

#### 1. Prejudice to Plaintiff

Turning to the *Eitel* factors, Plaintiff argues that it will be prejudiced if judgment is not entered because it "has sustained significant injury as a result of the actions of Defendant and without default judgment, [it] will be left without judicial resolution to its claims and without other recourse for recovery." (ECF No. 24, p. 7).

The Court agrees that Plaintiff will be prejudiced if a default judgment is not granted. If default judgment is not entered, Plaintiff will effectively be denied relief for its claims. Accordingly, this *Eitel* factor weighs in favor of granting default judgment.

#### 2. Substantive Merits and Sufficiency of Complaint

"The second and third *Eitel* factors instruct the Court to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. It is appropriate for the court to analyze these two factors together." *Arroyo v. J.S.T. LLC*, 2019 WL 4877573 at *6 (E.D. Cal. Oct. 3, 2019) (citations omitted). Essentially, these "factors require [a] plaintiff to state a claim on which plaintiff can recover." *OL USA LLC v. TTS Int'l LLC*, No. 2:21-CV-1541 WBS DB, 2022 WL 2208527, at *2 (E.D. Cal. June 21, 2022), *report and recommendation adopted*, (2022 WL 4450658 (E.D. Cal. Sept. 23, 2022).

Plaintiff asserts three claims. The first is for fraud. (ECF No. 1, pp. 4-5). "Under

California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citation and quotation marks omitted). The heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to this claim. *Id.* at 1102-03; Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Here, Plaintiff alleges that (1) Defendant made false representations that he had completed an actual sale of goods when in fact he had not done so, but rather had engaged in a fraudulent scheme to get customers to enter RISCs based on the promise of $100 cash; (2) Defendant knew that his misrepresentations were false; (3) Defendant intended to deceive Plaintiff to pay him for falsely acquired RISCs; (4) Plaintiff was ignorant of Defendant's false representations and justifiably relied to its detriment in purchasing fraudulent RISCs from Defendant; and (5) Plaintiff suffered damages by paying Defendant for the assignment of fraudulent RISCs. (ECF No. 1, pp. 4-5; ECF No. 24, pp. 8-9). Upon review, the Court concludes that Plaintiff has sufficiently established the merits of its fraud claim.

Plaintiff's second claim is for breach of contract. In California "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Here, Plaintiff alleges that (1) a contract exists and attaches a copy to the complaint; (2) it performed its obligations under the contract, such as funding Defendant's purchase account; (3) Defendant breached the contract in multiple ways, including by fabricating numerous sales of products to customers; and (4) Plaintiff sustained damages of at least $515,000 from Defendant's breach of the contract. (ECF No. 1, pp. 6-8; ECF No. 24, pp. 9-10). Upon review, the Court concludes that Plaintiff has sufficiently established the merits of its breach of contract claim.

Plaintiff's third claim is for unfair business practices under California Business and Professions Code 17200. Under this provision, "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200. And § 17204 permits "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" to bring an action for relief. Cal. Bus. & Prof. Code § 17204. In turn, a person is defined under § 17201 to "include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code § 17201.

One California court has described the scope of an unfair business practices claim as follows:

> Section 17200 creates a cause of action for an "unlawful, unfair or fraudulent business act or practice." Its coverage has been described as "sweeping, embracing anything that can properly be called a business practice and at the same time is forbidden by law." *Cel–Tech Communs., Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 560, 973 P.2d 527 (1999) (internal quotation marks and citations omitted). A practice may be "deemed unfair even if not specifically proscribed by some other law." *Id.* at 561. The statute prohibits wrongful business conduct in whatever context such activity might occur. The standard is intentionally broad and allows courts maximum discretion to prohibit new schemes to defraud.

*Searle v. Wyndham Int'l, Inc.*, 102 Cal.App.4th 1327 (2002).

Here, Plaintiff alleges that Defendant engaged in a fraudulent scheme to sell fake RISCs on behalf of customers, promising them $100 to take out a RISC and falsely telling them that they would not have to repay the amounts due and that their credit scores would be improved, leading to both the customers and Plaintiff being deceived. Upon review, the Court concludes that Plaintiff has sufficiently established the merits of its unfair business practices claim.

Because Plaintiff has established the sufficiency of its complaint, the Court finds that the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3.  Sum of Money in Relation to Seriousness of Conduct

Next, the Court considers the sum of money at stake in the action, with a lower sum weighing in favor of default judgment. *See G & G Closed Circuit Events, LLC v. Nguyen*, 3:11-cv-06340-JW, 2012 WL 2339699 at *2 (N.D. Cal. May 30, 2012) (noting that "default judgment is generally disfavored when the sum of money at stake is either too large or unreasonable in light of the defendant's actions").

Here, Plaintiff seeks $515,000 plus prejudgment interest. "Although the amount at stake is

not trivial, the undersigned finds that the sum of money at stake is reasonable and proportional to the seriousness of defendant['s] conduct, particularly because plaintiff merely seeks reimbursement" for the amount if would have received if Defendant had performed the contract.

Accordingly, the Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4. Possibility of Dispute

The Court finds no genuine issue of material fact is likely to exist. Defendant has not appeared to respond to the complaint, and Plaintiff has adequately alleged its claims. Accordingly, the Court finds that the fifth *Eitel* factor weighs in favor of granting default judgment.

### 5. Whether the Default was Due to Excusable Neglect

The Court finds that the default in this matter was not due to excusable neglect. Defendant was served with notice of the complaint and failed to respond. Accordingly, the Court finds that the sixth *Eitel* factor weighs in favor of granting default judgment.

### 6. Policy Favoring Decision on the Merits

Default judgments are disfavored because "[c]ases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, "the policy favoring decisions on the merit does not preclude entering default judgment" because Defendant's failure to appear has made a decision on the merits impossible. *Arroyo v. J.S.T. LLC*, No. 1:18-CV-01682-DAD-SAB, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3, 2019), *report and recommendation adopted*, 2020 WL 32322 (E.D. Cal. Jan. 2, 2020). Accordingly, the Court finds that the seventh *Eitel* factor does not preclude default judgment.

### 7. Conclusion

In light of the discussion of all the *Eitel* factors, the Court recommends that default judgment be entered against Defendants.

## C. Relief Requested

Plaintiff seeks an award of $515,000, which it alleges "is the amount Defendant contractually agreed to pay." (ECF No. 24, p. 12; *see* ECF No. 1, p. 9). The Court finds such an award appropriate. *See Satvati v. Allstate Northbrook Indem. Co.*, 634 F. Supp. 3d 792, 798 (C.D.

Cal. 2022) ("Breach of contract damages include direct damages, which compensate for the value of the promised performance, and consequential damages, which compensate for additional losses incurred because of the breach.").

Additionally, Plaintiff seeks an award of prejudgment interest under California Civil Code § 3287, which provides as follows:

> A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt.

Cal. Civ. Code § 3287(a).

"Pre-judgment interest pursuant to Section 3287(a) should be awarded from the time of the breach of the contract." *In re Morlas*, No. 09-CV-695-JAM-DAD, 2010 WL 3069926, at *3 (E.D. Cal. Aug. 5, 2010). "The purpose of awarding prejudgment interest is to compensate the plaintiff or defendant for the loss of the use of money that was rightfully his or hers." *Sailfrog Software, Inc. v. Theonramp Grp., Inc.*, No. CIV. 97-7014 MISC SW, 1998 WL 30100, at *6 (N.D. Cal. Jan. 20, 1998). Under § 3289, which addresses contract cases, "the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289(b).

Here, Plaintiff alleges that the breach occurred on the date that the contract was entered on October 27, 2021. (ECF No. 24, p. 13 n.2). Plaintiff's current calculation for prejudgment interest is $102,435.62 (0.10*515,000/365*726[3] = $102,435.62). The Court will recommend that prejudgment interest be awarded. However, because interest will continue to accrue as a rate of approximately $141.10 per day,[4] the Court will recommend that the total amount of prejudgment interest be calculated when judgment is entered. *See Kolb v. Telling*, No. 1:17-CV-00957-DAD-SAB, 2018 WL 2386831, at *13 (E.D. Cal. May 25, 2018), *report and recommendation adopted*, 2018 WL 4775609 (E.D. Cal. Sept. 7, 2018) (recommending that prejudgment interest be finally calculated when judgment was entered).

\\\

\\\

---

[3] Plaintiff's use of "726" is based on the number of days from the entry of the contract to the filing of the motion to amend the complaint. (ECF No. 24, p. 13 n.2).
[4] $515,000 x 10% = $51,500 / 365 = approximately $141.10 per day in interest.

9

1    **IV.    CONCLUSION AND RECOMMENDATIONS**

2          For the reasons discussed above, Plaintiff is entitled to default judgment. Accordingly, IT

3    IS ORDERED that the Clerk of Court shall assign a District Judge to this case.

4          Further, IT IS RECOMMENDED that:

5          1.  Plaintiff's motion for default judgment (ECF No. 24) be GRANTED:

6                a.  Judgment be entered in favor of Plaintiff American First Finance, LLC against

7                     Defendant Fernando Mendoza Garcia.

8                b.  Plaintiff be awarded $515,000 plus an amount of prejudgment interest to be

9                     finally determined at the time of judgment.

10         2.  And the Clerk of Court be directed to close this case.

          These findings and recommendations will be submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen

12   (14) days after being served with these findings and recommendations, the parties may file

13   written objections with the Court. The document should be captioned "Objections to Magistrate

14   Judge's Findings and Recommendations." The parties are advised that failure to file objections

15   within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772

16   F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17

18   IT IS SO ORDERED.

19         Dated:   __January 18, 2024__              /s/ Erica P. Grosjean

20                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28