HOLLAND & KNIGHT LLP
Gemma R. Galeoto (SBN 283065)
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214.964.9500
Fax: 214.964.9501
Email: gemma.galeoto@hklaw.com

Attorney for AMERICAN FIRST
FINANCE, LLC, a Delaware limited
liability company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRST FINANCE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO MENDOZA GARCIA aka FERNANDO MENDOZA, an individual, dba FM WIRELESS, FMG WIRELESS, and AVILIAR EVERYTHING; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 1:23-CV-00117-KES- EPG<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEE AWARD AND SUPPORTING MEMORANDUM**<br><br>Date: September 23, 2024<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 6, 7th Floor<br>Judge: Hon. Kirk E. Sherriff<br>**OR, THE COURT TO ISSUE BRIEFING SCHEDULE AND HEARING DATE**<br><br>Date Action Filed: January 26, 2023 |

# TABLE OF CONTENTS

**Page**

I.   NOTICE OF MOTION AND MOTION ...........................................................................1

II.  INTRODUCTION .....................................................................................................1

III. AFF SHOULD BE AWARDED ITS ATTORNEYS' FEES .........................................2

    A.   AFF's Motion for Attorneys' Fees is Timely. ...........................................2

    B.   An Award of Attorneys' Fees is Appropriate. ..........................................2

    C.   AFF Seeks Reasonable Attorneys' Fees. ...................................................3

IV.  CONCLUSION.........................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Multi-Cinema, Inc. v. Manteca Lifestyle Center, LLC*,
No. 2:16-cv-01066-TLN-KJN, 2024 WL 1312209 (E.D. Ca. March 26, 2024) ......................8

*Fischer v. SJB-P.D. Inc.*,
214 F.3d 1115 (9th Cir.2000) ...............................................................................................4

*G.R. v. Intelligator*,
185 Cal. App. 4th 606 (2010) ...............................................................................................7

*Gonzalez v. City of Maywood*,
729 F.3d 1196 (9th Cir. 2013) ..............................................................................................7

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)...............................................................................................................3

*Manzo v. McDonald's Restaurants of California, Inc.*,
2022 WL 4586236 (E.D. Cal Sept. 29, 2022)........................................................................3

*Nishiki v. Danko Meredith*,
APC, 25 Cal. App. 5th 883 (2018)........................................................................................7

*San Diego Police Officers' Ass'n v. San Diego City Employee's Ret. Sys.*,
568 F.3d 725 (9th Cir. 2009) .................................................................................................3

*Sanchez v. Frito-Lay, Inc.*,
No. 1:14-CV-00797 AWI, 2015 WL 4662636 (E.D. Cal. Aug. 5, 2015), report
and recommendation adopted, No. 1:14-CV-797 AWI MJS, 2015 WL
5138101 (E.D. Cal. Aug. 26, 2015) ......................................................................................7

*Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*,
36 Cal. App. 5th 970 (2019) .................................................................................................4

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
489 U.S. 782 (1989)...............................................................................................................3

**Statutes**

Cal. Civ. Proc. Code § 1021 .................................................................................................2

Cal. Civ. Proc. Code § 1032 .................................................................................................1

Cal. Civ. Proc. Code § 1033.5(a)(10)(A)..............................................................................1

Cal. Bus. and Prof. Code § 17200 *et seq.* ...........................................................................1

Cal. Civ. Code § 1717(b)(1) ...................................................................................................................3

**Rules**

Fed. R. Civ. P. 54(d) .............................................................................................................................3

Fed. R. Civ. P. 54(d)(2).....................................................................................................................1, 2

Fed. R. Civ. P. 54(d)(2)(B) ...................................................................................................................2

AMERICAN FIRST FINANCE, LLC'S MOTION FOR ATTORNEYS' FEES
CASE NO. 1:23-CV-00117-KES-EPG

## I.      NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on September 23, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the United States District Court, Eastern District of California, located at 2500 Tulare Street, Fresno, California, 93721, Plaintiff American First Finance, LLC ("AFF") will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 54(d)(2); Cal. Civ. Proc. Code §§ 1021, 1032, 1033.5(a)(10)(A); and the Retail Installment Sales Contract Program Agreement dated October 27, 2021 between AFF and Defendant Fernando Mendoza Garcia dba FM Wireless (the "Program Agreement"), for an order granting AFF its attorneys' fees in the amount of $69,310.38.

This motion is made on the grounds that AFF is the prevailing party pursuant to this Court's July 30, 2024 Order Adopting Findings and Recommendations, and granting AFF's motion for default judgment (ECF No. 29), and therefore AFF is entitled to recover its reasonable attorneys' fees incurred in this action pursuant to the indemnification clause of the Program Agreement.

AFF's motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, Declaration of Gemma R. Galeoto ("Galeoto Decl."), the pleadings and papers on file in this action, and such other evidence and argument as may be properly received by this Court.

## II.     INTRODUCTION

On January 26, 2023, AFF filed this action against Defendant Fernando Mendoza Garcia, an individual doing business under the names of the following sole proprietorships: FM Wireless, FM Wireless and Aviliar Everything ("Defendant") for (1) fraud, (2) breach of contract, and (3) unfair business practices under California Business and Professions Code § 17200 *et seq*., arising from Defendant's solicitation of customers into fraudulent retail installment sales contracts (the "Complaint"). ECF No. 1, Compl. at 3.

Defendant failed to answer or otherwise respond to the Complaint, accordingly the Clerk entered default on September 19, 2023.  ECF No. 22.  On October 23, 2023, AFF moved for entry of default judgment, including damages and interest. ECF No. 24.  On January 19, 2024, the assigned magistrate judge entered findings and recommendations, recommending that AFF's motion for default be granted.  ECF No. 27. On July 30, 2024, this Court adopted the findings and

1

recommendations issued, granting AFF's motion for default judgment and awarding AFF $515,000 in monetary damages, plus prejudgment interest of $141,942.47.  ECF No. 29.  AFF now seeks $69,310.38 in attorneys' fees. As described below, AFF's attorneys charged reasonable rates that are comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community.

## III.    AFF SHOULD BE AWARDED ITS ATTORNEYS' FEES

### A.    AFF's Motion for Attorneys' Fees is Timely.

AFF's filing of this motion is timely and consistent with Federal Rule of Civil Procedure 54(d)(2) which provides that, unless a statute or court order provides otherwise, a motion for attorneys' fees must: (1) be filed no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; and (3) state the amount sought or provide a fair estimate of it.  Fed. R. Civ. P. 54(d)(2)(B).

Here, judgment was entered July 30, 2024, therefore, this request for attorneys' fees is filed within a timely manner.

### B.    An Award of Attorneys' Fees is Appropriate.

AFF is entitled to an award of its reasonable attorneys' fees pursuant to the terms of the Program Agreement, which contains the following indemnification clause:

> "In addition to and in furtherance of Seller's indemnity obligations described elsewhere in this Agreement, **Seller agrees to indemnify, to defend, and to save and to hold Purchaser**, Purchaser's parent, and all subsidiaries and affiliates of Purchaser, and their respective officers, employees, agents, insurers, and attorneys ("Indemnified Persons"). . . **harmless from any and all . . . expenses (including without limitation, reasonable attorneys' fees and costs) . . . of every nature and kind that may be . . . incurred by such Indemnified Persons arising out of or in any way occasioned by this Agreement** . . . . This includes, without limitation**, any adverse claim . . . or lawsuit . . . in any way arising directly or indirectly out of any default by Seller under this Agreement."**

Program Agreement, paragraph 7, ECF 24, pp. 26-27; *see also* Cal. Civ. Proc. Code § 1021.

AFF's Complaint included a breach of contract claim against Defendant based on violation of the Program Agreement. ECF No. 1, *see also* ECF 24.  Litigation was necessary to enforce the

Program Agreement. Defendant failed to reimburse AFF, as required under the Program Agreement, or make any effort to make payment arrangements.

As noted by the assigned magistrate judge in her findings and recommendations, "Plaintiff will be prejudiced if a default judgment is not granted.  If default judgment is not entered, Plaintiff will effectively be denied relief for its claims." ECF No. 27. at pg. 5.  AFF was forced to enforce its rights under the Program Agreement.  AFF is the prevailing party because this Court granted default judgment against Defendant and awarded AFF monetary damages.  ECF No. 29. "[P]laintiffs may be considered the 'prevailing parties' if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978), abrogated on other grounds by Richardson v. Miller, 279 F.3d 1, 4 (1st Cir. 2002) (internal quotation marks omitted); *see generally Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*., 489 U.S. 782, 791 (1989). "Courts consistently confirm that 'a party in whose favor a judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" *San Diego Police Officers' Ass'n v. San Diego City Employee's Ret. Sys.,* 568 F.3d 725, 741 (9th Cir. 2009) (*quoting d'Hedouville v. Pioneer Hotel Co*., 552 F.2d 886, 896 (9th Cir. 1977). Thus, a plaintiff who obtains a default judgment may be considered a prevailing party. Additionally, California Civil Code 1717(b)(1) defines a prevailing party as "the party who recovered a greater relief in the action on the contract."  Thus, AFF is the prevailing party in this action under the applicable law, entitling AFF to an award of attorneys' fees.

### C.    AFF Seeks Reasonable Attorneys' Fees.

AFF seeks an award of $69,310.38 for attorneys' fees.  The requested fees are reasonable given the legal work required, which ultimately resulted in AFF successfully obtaining a default judgment against Defendant. In determining the reasonableness of a party's attorneys' fees, courts employ the lodestar method. "[T]he lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *See Manzo v. McDonald's Restaurants of California, Inc*., 2022 WL 4586236, at *10 (E.D. Cal

3

Sept. 29, 2022) (citations omitted). Moreover, under California law, "[i]t is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method. Declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed are sufficient." *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal. App. 5th 970, 994 (2019) (quotations and citations omitted).

The starting point for calculating the amount of a reasonable fee is the number of hours reasonably expended multiplied by a reasonable hourly rate. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000). This lodestar figure is presumptively reasonable and should only be enhanced or reduced in "rare and exceptional cases." *Id.* (*quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)).

In this case, AFF seeks to recover reasonable attorneys' fees in connection with work performed to (1) conduct the initial strategy and investigation, (2) research and draft an application for publication of summons, and (3) research, draft, and argue a motion for default judgment. Galeoto Decl. ¶ 7.

As a courtesy to AFF, Holland & Knight significantly discounted and wrote off time that was incurred in bringing this lawsuit. The main attorney timekeepers on this case were Gemma Galeoto, Lawrence Liu, Kendra Peterson, and Thomas Eastmond. Also assisting were paralegals and professionals Mariah Richardson and Marshall Voizard. Galeoto Decl. ¶ 6.

Ms. Galeoto, a partner at Holland & Knight, has approximately fourteen (14)  years of litigation experience and has served as lead counsel in multiple complex litigation matters. Her standard rate is $1040 an hour, and she offered a discounted rate of $841.50 an hour to AFF. With discounts and write-offs applied, her average rate for this client was $356.76.   In 2022, she spent 3.9 hours on the initial strategy and investigation stage of this matter. In 2023, she spent approximately 2 hours on the strategy and investigation stage, 5.5 hours in 2023 on the application for publication of summons, and .7 hours on the motion for default judgment. She spent a total of 12.10 hours on this case. Galeoto Decl. ¶ ¶ 3, 8.

Mr. Lawrence J. Liu was an associate with the law firm of Holland & Knight, though he is no longer affiliated with Holland & Knight. He has approximately eight (8) years' experience. His

standard rate was $800 per hour, but through discounts applied, his average hourly rate for this client was $720.00. In 2022, Mr. Liu was the primary attorney drafting the complaint, and spent 18 hours on this matter in 2022 and 21.2 hours in 2023 for initial strategy and investigation. In 2023, Mr. Liu spent approximately 32.7 hours on this case for the application for publication of summons. In 2024, Mr. Liu spent approximately .7 hours on the motion for default judgment. Mr. Liu spent a total of 72.9 hours on this case. Galeoto Decl. ¶ 9.

Ms. Kendra Peterson was an associate with the law firm of Holland & Knight, though she is no longer affiliated with Holland & Knight. She has approximately three (3) years' experience. Her standard rate was $625 per hour in 2023, and $725 per hour in 2024, but through discounts applied, her hourly rate for this client was $587.55.  In 2022, she spent approximately .2 hours on the initial strategy and investigation of this case, and in 2023-24 she spent approximately 17.6 hours on the motion for default judgment. Ms. Peterson spent a total of 17.8 hour on this case. Galeoto Decl. ¶ 10.

Mr. Thomas Eastmond was an associate with the law firm of Holland & Knight, though he is no longer affiliated with Holland & Knight. He has approximately twenty-four (24) years' experience. His standard rate was $975 per hour, but through discounts applied, his hourly rate for this client was $877.50. Mr. Eastmond spent a total of 1.5 hours in 2023 on the application for publication of summons. Galeoto Decl. ¶ 11.

Ms. Mariah Richardson was a paralegal with the law firm of Holland & Knight, though she is no longer affiliated with Holland & Knight. Her standard rate was $310 an hour, though with discounts applied, her hourly rate for this client was $287.33. Ms. Richardson spent a total of 1.2 hours on this case in 2022 as part of the initial strategy and investigation stage. Galeoto Decl. ¶ 12.

Mr. Marshall Voizard is a senior research analyst with the law firm of Holland & Knight. His standard rate is $400 an hour, but with discounts applied, his hourly rate for this client was $360. Mr. Voizard spent a total of 1.10 hours on this case in 2022 as part of the initial strategy and investigation stage. Galeoto Decl. ¶ 13.

Below is a table representing the total hours, hourly rate, and total fees incurred, for a total of **$69,310.38** in attorneys' fees (Galeoto Decl. ¶ 14):

| Timekeeper | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Thomas Eastmond | 1.50 | $877.50 | $1,316.25 |
| Gemma R. Galeoto | 12.10 | $356.76 | $4,316.84 |
| Lawrence Liu | 72.90 | $720.00 | $52,488.04 |
| Mariah N. Richardson | 1.20 | $287.33 | $334.80 |
| Kendra Peterson | 17.8 | $587.55 | $10,458.45 |
| Marshall Voizard | 1.10 | $360.00 | $396.00 |

Below is a table representing the breakdown of fees incurred per stage of litigation (Galeoto Decl. ¶ 15):

| Timekeeper | Total Hours | Initial Strategy/Investigation | Application for Publication of Summons | Motion for Default |
|---|---|---|---|---|
| Thomas Eastmond | 1.50 | x | 1.5 (2023) | x |
| Gemma R. Galeoto | 12.10 | 3.9 (2022)<br><br>2 (2023) | 5.5 (2023) | .7 (2023) |
| Lawrence Liu | 72.9 | 18 (2022)<br><br>21.2 (2023) | 32.7 (2023) | 1 (2023) |
| Mariah N. Richardson | 1.20 | 1.20 (2022) | x | x |
| Kendra Peterson | 17.8 | .2 (2022) | x | 17.0 (2023)<br>.6 (2024) |
| Marshall Voizard | 1.10 | 1.10 (2023) | x | x |

AFF's attorneys charged reasonable rates that are comparable to the typical rates charged by attorneys of similar skill, experience, and reputation in the community. Galeoto Decl. ¶ 16.

AFF is entitled to an award of its attorneys' fees and costs pursuant to Paragraph 7 of the Program Agreement between it and Defendant. *See* Motion for Default Judgment, ECF 24, pp. 26-27.

After reviewing the billing statements attached to the Galeoto Declaration as Exhibit A, the time expended by attorneys was expended primarily on the drafting of pleadings and motions, which clearly required the skill of an attorney, particularly in light of the significant amount of AFF's claim against Defendants herein. Galeoto Decl. ¶ 18.

The fees sought by AFF in connection with this matter are particularly reasonable in light of the substantial amount of the damages award it ultimately obtained, totaling $515,000 in monetary damages, plus prejudgment interest of $141,942.47. ECF No. 29. The fees sought herein are less than 10% of AFF's damages. Galeoto Decl. ¶ 19.

AFF also incurred costs that were filed with this Court as ECF. 31, and AFF seeks to recover the costs as submitted on the Bill of Costs.

Further, AFF's counsel's rates were reasonable. A district court must determine a reasonable rate for the services provided by examining the prevailing rates in the community, charged by "lawyers of reasonably comparable skill, experience, and reputation." *Sanchez v. Frito-Lay, Inc.*, No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *17 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797 AWI MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (*quoting Cotton v. City of Eureka*, Cal., 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012)). "The 'relevant community' for the purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds." *Sanchez*, 2015 WL 4662636, *17 (*quoting Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)); *accord Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013); *see also G.R. v. Intelligator*, 185 Cal. App. 4th 606, 620 (2010) (Court may "accept the declaration of [defendant's] attorney as sufficient proof of the attorney's hourly rate, the time spent, and the reasonableness of the time spent"). Moreover, the "court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate." *Nishiki v. Danko Meredith*, APC, 25 Cal. App. 5th 883, 898 (2018).

AMERICAN FIRST FINANCE, LLC'S MOTION FOR ATTORNEYS' FEES
CASE NO. 1:23-CV-00117-KES-EPG

The hourly rates requested here are reasonable. Higher hourly rates have been awarded in other Eastern District cases involving various other forms of complex litigation, including consumer law or employment litigation. AFF requests between $300-$877 an hour for its counsel's work expended on this case, which is within the range of reasonable market rates for attorneys with their skill, experience and reputation in the Eastern District. *See, eg., American Multi-Cinema, Inc. v. Manteca Lifestyle Center, LLC,* No. 2:16-cv-01066-TLN-KJN, 2024 WL 1312209 at *3 (E.D. Ca. March 26, 2024)(approving a partner rate of $700 per hour and a senior associate rate of $500 per hour). Accordingly, AFF's request for $69,310.38 in attorneys' fees is reasonable and the Court should award the full amount requested.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant AFF's request for attorneys' fees in the amount of $69,310.38. AFF also reiterates its Bill of Costs, filed as ECF 31, and seeks to recover costs in the amount of $7,854.40.

Dated: August 13, 2024

Gemma R. Galeoto (SBN 283065)
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone: 214.964.9500
Fax: 214.964.9501
Email: gemma.galeoto@hklaw.com

Attorney for AMERICAN FIRST
FINANCE, LLC, a Delaware limited
liability company

8

AMERICAN FIRST FINANCE, LLC'S MOTION FOR ATTORNEYS' FEES
CASE NO. 1:23-CV-00117-KES-EPG