UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FIRST FINANCE LLC,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO MENDOZA GARCIA,<br><br>Defendant. | No. 1:23-cv-00117-KES-EPG<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES<br><br><br>(Doc. 32) |

Plaintiff American First Finance, LLC ("American First") moves for attorneys' fees, arguing that it is entitled to recover reasonable attorneys' fees and costs as the prevailing party under the indemnification clause of the underlying contract. Motion for Attorneys' Fee Award and Supporting Memorandum ("Motion"), Doc. 32. Defendant Fernando Mendoza Garcia is a defaulted defendant and has not filed an opposition to the Motion. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). For the reasons set forth below, the Motion is denied.

**I.   BACKGROUND**

On January 26, 2023, American First filed a complaint against Mendoza, dba FM Wireless, FMG Wireless, and Aviliar Everything. Complaint, Doc. 1. American First alleged that it entered into a retail installment sales contract (RISC) program agreement with Mendoza on October 27, 2021. *Id.* ¶ 7. However, Mendoza "engaged in a fraudulent scheme" to defraud

1  individuals and American First. *Id.* ¶ 8. Upon discovering the scheme, American First
2  terminated its agreement with Mendoza. *Id.* ¶ 13. American First asserted three causes of action:
3  (1) fraud; (2) breach of contract; and (3) unfair business practices under California Business and
4  Professions Code § 17200 *et seq*.

5  On March 20, 2023, American First filed an ex parte application for an extension of time
6  to complete service of the summons and complaint. Doc. 6. American First asserted that it
7  attempted to personally serve Mendoza but had been unsuccessful and would likely need to serve
8  Mendoza by publication. *Id.* at 2. American First then filed an ex parte application for
9  publication of summons, which the court granted on June 28, 2023. Docs. 9, 17. After Mendoza
10 failed to respond to the complaint, American First requested and obtained a clerk's entry of
11 default. Docs. 21, 22.

12 On October 23, 2023, American First moved for default judgment, seeking $515,000 plus
13 prejudgment interest. Doc. 24. The magistrate judge issued findings and recommendations,
14 recommending that American First be awarded $515,000 plus prejudgment interest. Doc. 27 at
15 10. The findings and recommendations were adopted on July 30, 2024, awarding American First
16 $515,000 plus prejudgment interest of $141,942.47.[1] Doc. 29. American First submitted a bill of
17 costs, which the Clerk of Court taxed at $4,567.00. Doc. 34. American First now moves for
18 attorneys' fees.

19 **II.   LEGAL STANDARD**

20 "In a diversity case, the law of the state in which the district court sits determines whether a
21 party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is
22 governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). California
23 Code of Civil Procedure § 1021 provides that "[e]xcept as attorney's fees are specifically provided
24 for by statute, the measure and mode of compensation of attorneys and counselors at law is left to
25 the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021. California Civil

26 ---

27 [1] Prejudgment interest was awarded at a rate of 10% from the entry of the contract on October 27,
28 2021 through the date of entry of judgment, pursuant to California Code of Civil Procedure § 3287 and § 3289(b).

Code § 1717 further provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). "A party seeking recovery of attorneys' fees under Section 1717(a) must show that: (1) a contract authorizes such fees; (2) the moving party is the prevailing party; and (3) the fees incurred are reasonable." *Javaheri v. Deutsche Mellon Nat'l Asset, LLC*, No. 2:18-CV-06615-ODW(FFM), 2020 WL 104995, at *2 (C.D. Cal. Jan. 9, 2020). Moreover, "to recover fees incurred in connection with litigation of a claim under a fee shifting contract, a party must show that the claim fell within the scope of the contract..." *Id.*

### III. DISCUSSION

"Before section 1717 comes into play, it is necessary to determine whether the parties entered an agreement for the payment of attorney fees, and if so, the scope of the attorney fee agreement." *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC*, 3 Cal. 5th 744, 752 (2017) (internal quotation marks and citation omitted). American First points to the RISC's indemnity clauses as the basis for its request for attorneys' fees:

> **7.    SELLERS INDEMNITY OBLIGATIONS.** In addition to and in furtherance of Seller's indemnity obligations described elsewhere in this Agreement, Seller agrees to indemnify, to defend, and to save and to hold Purchaser, Purchaser's parent, and all subsidiaries and affiliates of Purchaser, and their respective officers, employees, agents, insurers, and attorneys ("Indemnified Persons"), harmless from any and all claims, suits, obligations, damages, losses, costs, expenses (including without limitation, reasonable attorneys' fees and costs) . . . of every nature and kind that may be asserted against or incurred by such Indemnified Persons arising out of or in any way occasioned by this Agreement . . . . This includes, without limitation, any adverse claim, demand, administrative proceeding, or lawsuit asserting that actions or inactions on the part of Seller or of Seller's officers, employees, or agents, were fraudulent, misleading, or constitute an unfair or deceptive practice, or violated any applicable federal or state law, rule, or regulation, or arising out of any other adverse claim, demand, administrative proceeding, or lawsuit in any way related to the Product or services provided by Seller, or in any way arising directly or indirectly out of any default by Seller under this Agreement.

Motion for Default Judgment, Ex. A, Doc. 24 at 26-27.

Indemnification clauses, however, presumptively do not provide for attorneys' fees

3

1   incurred for disputes between the parties. "California courts presume that '[a] clause that
2   contains the words "indemnify" and "hold harmless" generally obligates the indemnitor to
3   reimburse the indemnitee for any damages the indemnitee becomes obligated to pay third
4   persons—that is, it relates to *third party* claims, *not* attorney fees incurred in a breach of contract
5   action *between the parties* to the indemnity agreement itself.'" *Epic Games, Inc. v. Apple, Inc.*,
6   67 F.4th 946, 1003 (9th Cir. 2023) (quoting *Alki Partners, LP v. DB Fund Servs., LLC*, 4 Cal.
7   App. 5th 574, 600 (2016)). The "presumption applies to even broad language in indemnity
8   provisions, like 'all claims ... arising out of or resulting from performance of the Work,' . . . and
9   'all liability' relating to claims by 'any person' for injuries 'aris[ing] out of, or ... in any way
10  connected with, or incidental to the performance of the work'" under the contract. *AGK Sierra*
11  *De Montserrat, L.P. v. Comerica Bank*, 109 F.4th 1132, 1141 (9th Cir. 2024) (internal citations
12  omitted). There needs to be "much more specific language that clearly evinces a desire to include
13  first-party litigation costs" to rebut the presumption. *Id.* A contract "can rebut this presumption
14  with language that 'specifically provide[s] for attorney's fees in an action on the contract.'" *Epic*
15  *Games*, 67 F.4th at 1003.

16         American First has not argued how the indemnity provision in the RISC "clearly evinces"
17  the parties' desire to include litigation fees between the parties as part of the indemnity clause.
18  Instead, American First highlights language that is applicable to third party claims: "harmless
19  from any and all" expenses, "of every nature and kind," "arising out of or in any way
20  occasioned," and "arising directly or indirectly out of any default by Seller under this
21  Agreement." Motion, Doc. 32 at 6. Although broad, nothing in those phrases can be construed as
22  clearly contemplating indemnification for a suit between the parties. "[A]n indemnification
23  clause in which one party promised to 'indemnify' the other from 'any, all, and every claim'
24  which arises out of 'the performance of the contract' deals only with third party claims, and
25  cannot support an award of attorney fees in an action for breach of contract between the parties to
26  the agreement." *Alki Partners*, 4 Cal. App. 5th at 601 (quoting *Myers Building Industries, Ltd. v.*
27  *Interface Technology, Inc.*, 13 Cal.App.4th 949, 974 (1993)). Broad language, such as "any and
28  all loss," is presumed to apply only to third-party fees and costs; such broad phrases contain

"none of the specific language that would indicate an agreement to include first-party litigation costs." *AGK Sierra*, 109 F.4th at 1141. The plain language of the indemnification clause, including its title, suggests that it was intended as an indemnification clause for third party claims. There is no language in the indemnification clause, or another part of the contract that American First points to, that "would be unnecessary if indemnification only referred to third party claims" or which expressly states that the parties contemplated that the indemnification clause provided for attorneys' fees for lawsuits between the parties. *Epic Games*, 67 F.4th at 1003–04. There is no basis upon which the Court could conclude that the parties clearly intended for the indemnification clause to provide for attorneys' fees between the parties. As there is no language in the indemnity provision, or any other part of the RISC, from which the Court can reasonably infer that the parties had a clear desire to include litigation costs between the parties, American First's motion for attorneys' fees is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court denies American First's motion for attorneys' fees.

IT IS SO ORDERED.

Dated: ___February 5, 2025___          _____
                                        UNITED STATES DISTRICT JUDGE

5